CoiiCocK, and Smith, .Is.,
expressed opinions .in substance agreeing.with the arguments of Mr. Hooker, in favor ■of the motion.
Brevard, J.,
inquired as to the nature and operation of a mortgage ; a personal security for the payment of a debt, does not vest real property in possession. It is as a pawn, or pledge, only possession is in the mortgagor; gives a lien on the property mortgaged, to satisfy thereout the debt due. If that property be insufficient to satisfy the debt, the residue will stand without any security by mortgage, and be on a footing with other debts secured by bonds, or other obligations. After the mortgaged property is sold, the mortgage is Junctus officio, and has nothing on which it can operate. The preference of mortgages to specialty debts, given by the A. A. 1789, extends only to the mortgaged property, because the lien, created by mortgage, extends only to such property; whereas judgments and executions affect the property generally -; the first from the entry of judgment, as to real property, and the latter from the lodgment of execution, as to personal estate. The lien is general, and not particular. These, with mortgages, are ranked together, and the lien first created is to be first satisfied', and exclusively; but only so far as -the lien extends.
Bay, J.,
was of the same opinion. The security cannot be ex. *142 tended beyond the value of the thing pledged by way of security. The whole of the debt was secured by the specialty. The whole debt was also meant to be further secured by a mortgage of land ; ^ut ^ turned out that this security was deficient. It only secured part of the debt. So far as it was deficient the security failed ; but this did not impair the security by bond ; and for the residue of the debt, after applying the proceeds of the mortgaged property sold, it remained as if no mortgage had been given.
Motion refused.